UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>  Plaintiff,<br><br>  v.<br><br>PATRICIA SLOTE, et al.,<br><br>  Defendants. | No.  2:16-cv-956-KJM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed her original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] ECF No. 4.  After receiving an extension of time, plaintiff filed her first amended complaint, which is before the court for screening.  ECF Nos. 5-7.  As explained below, the first amended complaint suffers from the same deficiencies as plaintiff's original complaint, and it too must be dismissed for failure to state a claim.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's
2    obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
3    conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
4    allegations must be enough to raise a right to relief above the speculative level on the assumption
5    that all of the complaint's allegations are true."  *Id*. (citations omitted).  Dismissal is appropriate
6    based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
7    support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
8    1990).

9    Under this standard, the court must accept as true the allegations of the complaint in
10   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
11   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
12   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading
13   requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a
14   complaint to include "a short and plain statement of the claim showing that the pleader is entitled
15   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
16   which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

17   Plaintiff's first amended complaint asserts claims under 42 U.S.C. §§ 1983, 1985, 1986;
18   1988; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq*., the
19   Safe Drinking Water Act, 42 U.S.C. §§ 300f *et seq*.; the Clean Water Act, 33 U.S.C. §§ 1251 *et*
20   *seq*.; 18 U.S.C. § 1513, as well as more than 20 state law claims.  ECF No. 7.  The claims are
21   brought against 16 defendants, including the Hornbook Community Services District ("HCSD")
22   and its directors, agents, and customers; the Hornbook Community Bible Church and its
23   employees; Basic Labs; and the law firm of Kirsher, Winston & Boston.  *Id*.  The crux of the
24   amended complaint is that defendants participated in grand a conspiracy to mismanage HCSD.

25   Like her earlier complaint, plaintiff's amended complaint fails to comply with Rule 8.
26   Rather than providing a short and plain statement for each of plaintiff's claims, the 58-page
27   amended complaint consists largely of vague and conclusory allegations concerning various
28   events that allegedly occurred from 2004 through 2017.  Further muddling the matter, numerous

allegations in the amended complaint that appear unrelated, or only tangentially related, to plaintiff's dispute with the defendants' alleged mismanagement of HCSD. *See, e.g., id*. ¶¶ 15, 18 (alleging HCSD directors permitted defendant Dingman and his dog to occupy a water treatment facility for personal use and storage); ¶ 17 (alleging that defendant Puckett stored hazardous material on his property).

As drafted, it is nearly impossible to discern the specific claims plaintiff intends to allege against each of the 17 named defendants, as well as the particular facts supporting each claim. Plaintiff purports to assert 17 federal causes of action, many setting forth multiple claims within the same cause of action. For instance, plaintiff's 17th "count" is entitled "Violation of Fourth Amendment." *Id*. at 42. But the allegations provided in connection with that cause of action do not implicate the Fourth Amendment. Instead, the single paragraph supporting that claim alleges defendants violated California's Brown Act, Cal. Gov't Code §§ 54950, *et seq.* and plaintiff's right to due process by holding "non-agendized" HCSD board meetings that included segments that were not open to the public.[2] *Id*. ¶ 127. Further, each of plaintiff's claims confusingly seek to incorporate by reference various sections of the complaint. Indeed, the amended complaint includes a section entitled "Incorporation of Factual Allegations into Counts," under which plaintiff explains that she seeks to incorporate earlier sections of the complaint into her claims. *Id*. at 7. As previously explained to plaintiff, proceeding in this fashion renders it impossible for the court and defendants to ascertain the factual basis for each particular claim.

Plaintiff's failure to comply with Rule 8 alone justifies dismissal of her complaint. *See Schmidt v. Hermann*, 614 F.2d 1221, 1223 (9th Cir. 1980) (upholding the dismissal of a complaint where it was "impossible to designate the cause of action or causes of action attempted to be alleged in the complaint."); *In re Sagent Tech., Inc.*, 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual

---

[2] Specifically, the allegations purporting to support the Fourth Amendment claim are as follows: "Plaintiff asserts that holding non-agendized [sic] meetings, and/or wrongfully 'closed session' portions of meetings, in violation of the Brown Act; and denial of access to facilitates and public records of the HCSD pursuant to the CPRA, constitutes wrongful infringement/seizure upon the Legislatively-granted liberty interests of Plaintiff, and obstruction of statutory rights without due process by the Board Defendants, HCSD, and Kampa." ECF No. 7 ¶ 127.

defendant or defendants were responsible for which alleged wrongful act."); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

But even if the court were able to ascertain plaintiff's claims, as well as the specific allegations purporting to support each claim, dismissal would still be warranted. Despite spanning 58 pages, the amended complaint is nearly devoid of specific factual allegation. Instead, it is replete with redundant legal statements and vague and conclusory allegations that fail to support a cognizable legal claim. *See, e.g.*, *id.* ¶ 105 (alleging defendants, "in acting as set forth above in manners adverse to Plaintiff, did so willfully, with intent to interfere with, impede, coerce Plaintiff into abandoning, and in retaliation for, her excise of statutory and constitution rights to speak freely, petition the government, and courts, for redress of grievances; and her attempt to assert the right to vote . . . [,] violated Plaintiff's First Amendment rights to assemble with the other electors . . . ."), ¶ 113 ("Defendants HCSD and Board Defendants improperly conspired with, were unduly influenced, and engaged in corrupt activity with Defendants HCBC, Crittenden, and Bowels, in order to utilize the Board Defendants authority under color of State law, for the HCBC and Crittenden to wrongfully receive gifts of public funds . . . .").

Accordingly, plaintiff's amended complaint must be dismissed for failure to comply with Rule 8 and for failure to state a claim upon which relief may be granted. Further, the court finds that granting further leave to amend would be futile. Plaintiff was previously notified of the pleading requirements under Rule 8 and informed why her original claim failed to satisfy those requirements. Although the amended complaint contains fewer allegations than the earlier, 88-page complaint, it continues to rest entirely on vague and conclusory allegations that fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

/////

1     Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint (ECF No. 7) be dismissed without leave to amend, and the Clerk be directed to close the case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 25, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE