UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:16-cv-956-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| PATRICIA SLOTE, et al., | |
| Defendants. | |

On September 25, 2020, the court recommended plaintiff's first amended complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1] The clerk's office timely received objections to the findings and recommendations. Plaintiff also submitted a declaration that states "File Under Seal." The court construes this statement as a request by plaintiff to file her declaration under seal. Because plaintiff has not complied with the rules for a request to file documents under seal it must be denied.

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*,

---

[1] This case was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ."  *Id*. (citations omitted).

Furthermore, the court's local rules provide that "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law."  E.D. Cal. L.R. 141(a).  A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."  E.D. Cal. L.R. 141(b).

Plaintiff has not provided any justification for her conclusory request that her declaration be sealed.  Moreover, she has failed to comply with the court's local rules for obtaining a sealing order.  She does not set forth any statutory or case authority as a basis for filing her declaration under seal, nor does she identify the duration the declaration should be sealed.  Accordingly, plaintiff's request to file her declaration under seal is denied

Plaintiff, however, will be provided seven days to file a proper request to seal her declaration that complies with the court's local rules.  Should plaintiff fail to timely file such a request, the declaration will be returned to plaintiff and not filed on the docket.  *See* E.D. Cal. L.R. 141(e)(1) (If a Request is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied).

Accordingly, it is hereby ORDERED that:

1. The Clerk shall file on the docket plaintiff's objections to the September 25, 2020 findings and recommendations.

2. Plaintiff's request to seal is denied.

/////

/////

/////

2

3. Within seven days from the date of service of this order, plaintiff may file a properly-supported request to seal. She is not obligated to do so. If plaintiff does not file a renewed request to seal with seven days, the Clerk shall then return to plaintiff her declaration.

DATED: October 16, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3