IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>   Plaintiff,<br><br>   v.<br><br>PARTICIA SLOTE, et al.,<br><br>   Defendants. | No. 2:16-CV-0956-DC-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's second complaint, ECF No. 18.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1    In striking similarity to Plaintiff's allegations in <u>Olson v. Hornbrook Community
2 Services Distrist, et al.</u>, 2:15-cv-0646-KJM-DMC, and <u>Olson v. Hornbrook Community Services
3 District, et al.</u>, 2:19-cv-2127-KJM-DMC, to which this case has been related, Plaintiff alleges a
4 conspiracy of mismanagement of the Hornbrook Community Services District among its various
5 directors, vendors, contractors, counsel, and customers.  <u>See</u> ECF No. 18.  The claims raised in
6 the instant case and the two related cases are also similar to claims raised by Roger Gifford in
7 <u>Gifford v. Hanson, et al.</u>, 2:21-cv-0119-DJC-DMC.

8    Plaintiff asserts that Defendants HCSD, Slote, Puckett, Peterson, Kampa,
9 Dingman, and Goff violated the Clean Water Act by knowingly allowing HCSD's Well #3, which
10 contained high levels of toxins, to flow into Rancheria Creek. <u>See</u> ECF No. 18, pgs. 21-22.
11 Plaintiff asserts that she provided the requisite notice and Defendants failed to remedy the issue.
12 <u>See</u> <u>id.</u> at 7. This claim may proceed.

13    Plaintiff claims that Defendants HCSD, Slote, Puckett, Peterson, Goff, and Kampa
14 knowingly allowed Defendant Dingman to operate water treatment facilities and "illegally and
15 improperly add chlorine" to the water without the required certifications, thus violating SDWA.
16 <u>See</u> <u>id.</u> at 22. Plaintiff asserts that she provided the requisite notice and Defendants failed to
17 remedy the issue. <u>See</u> <u>id.</u> at 7. This claim may proceed.

18    Plaintiff contends that Defendants HCSD, Slote, Puckett, Peterson, Goff, Bowles,
19 and Dingman charged Plaintiff more for water, prevented Plaintiff from accessing public records,
20 and did not allow Plaintiff to vote on "certain HCSD administrative changes or Board actions."
21 <u>Id.</u> at 23. Plaintiff alleges that these actions were taken in retaliation for her "'Brown Act
22 Lawsuits'; complaints, and assistance to others making complaints to State and Federal
23 enforcement agencies." <u>Id.</u> at 22. This claim may proceed.

24    According to Plaintiff, Defendants HCSD, Slote, Puckett, Peterson, Goff, Bowles,
25 and Dingman conspired to charge her $45 a month for water, while the other residents were
26 charged $39, thus depriving her of equal protection. <u>See</u> <u>id.</u> at 23. This claim may proceed.

27    Plaintiff states that she qualifies disabled under the ADA and Defendants HCSD,
28 Slote, Puckett, Peterson, Dingman, and Kampa "failed to accommodate Plaintiff's disability" by

2

not providing her access to HCSD Board meetings, meeting materials, and "refusing to provide CPRA access" to records. See id. at 7 and 23. Plaintiff contends that those without disabilities were provided access to the same meetings, materials, and records. Id. This claim may proceed.

Plaintiff contends that Defendants HCSD, Puckett, Slote, Peterson, Goff, Dingman, and Kampa failed to "exercise reasonable care over the water treatment processes" in violation of the SDWA, 40 CFR § 141.54 (setting federal maximum levels of disinfectants) and 22 CCR § 64533.5 (setting California's maximum contaminant levels). See ECF No. 18, pg. 24. According to Plaintiff, Defendants' failure to give warnings about the water exceeding the legal levels of chlorine, as required by California Health and Safety Code § 116450 and § 116455, resulted in property damage to Plaintiff. This claim may proceed.

Plaintiff contends that §526(a) injunctive relief is necessary because Defendant HCSD, Puckett, Slote, and Peterson illegally "diverted monies from HCSD accounts to Michelle Hanson . . . towards her privately-incurred legal fees." ECF No. 18, pg. 24. This claim may proceed.

According to Plaintiff, §526(a) injunctive relief is necessary because Defendants HCSD, Slote, Puckett, Peterson, Kampa, Goff, Dingman, and Bowles reduced water rates and other charges, declined to collect past-due accounts, or gifted public funds to John Does[1] in violation of the governing bylaws. See id. at 24. This claim may proceed.

Plaintiff asserts that §526(a) injunctive relief is necessary because Defendants HCSD, Slote, Puckett, Kampa, and Bowles were required to impose and collect "standby" and "availability" fees per HCSD Resolution #14-022 and relevant bylaws but failed to do so. See id. at 25. This claim may proceed.

According to Plaintiff, §526(a) injunctive relief is necessary because Defendants Slote, Puckett, Peterson, Kampa, Goff, and Dingman allowed Dingman to unlawfully reside at the HCSD water treatment facility, resulting in "'sanitary and physical hazards'" while HCSD paid the utility costs of such use. See id. at 27-28. This claim may proceed.

Plaintiff contends that Defendants Slote, Puckett, Peterson, Bowles, and Kampa

---

[1] The Court assumes this refers to the John Does 3-20 Plaintiff lists as Defendants.

3

breached their fiduciary duties "to the District by: unlawfully reducing and waiving various fees and charges for certain customers; misclassifying customers; failing to collect overdue accounts; and, failing to properly impose multiple [fees]." Id. at 25. According to Plaintiff, these actions all violated either Resolution #14-022 and/or the HCSD Bylaws and caused economic harm to the District. See id. This claim may proceed.

California Health and Safety Code §116670 declares any "failure to comply with any primary drinking water standard" a public nuisance. Cal. Health & Safety Code § 116670. According to Plaintiff, Defendants Slote, Puckett, Peterson, Kampa, Goff and Dingman caused, were aware of, and did not remedy chloring levels in the water that violate the drinking water standard. See ECF No. 18, pg. 26. Thus, Plaintiff's nuisance per se claim, arising from Defendants' alleged failure to adhere to primary drinking water standards, may proceed.

Plaintiff asserts that Defendants Hornbrook Community Bible Church, Inc. (HCBC) and Crittenden "received gifts of public funds in the amount of at least $2,772.00 [and] $384.00" respectively. Id. at 27. According to Plaintiff, these funds were provided in the form of "unlawfully reduced and/or waived fees." Id. at 5-6. Plaintiff contends this demonstrates "favoritism" extended to HCBC and Crittenden, the Deacon of the HCBC in violation of California's 'no aid clause.' Id. at 27. Plaintiff alleges these actions by Defendants HCBC and Crittenden thus violated California's Constitution, Article XVI §5. See id. This claim may proceed.

The Court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. If Plaintiff desires service of process by the United States Marshal without pre-payment of costs, Plaintiff must comply with the requirements outlined below. Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

/ / /

/ / /

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. The Clerk of the Court shall issue a summons in a civil case, the
3   undersigned's new case documents, and an order setting this matter for an initial scheduling
4   conference;

5   2. The Clerk of the Court shall send Plaintiff the summons, 28 USM-285
6   forms, and a copy of the complaint;

7   3. Within 15 days from the date of this order, Plaintiff shall complete the
8   summons by indicating the addresses of the named Defendants and shall submit to the United
9   States Marshal at the address indicated below the following documents:

10   a. The completed summons;
11   b. One completed USM-285 form for each named Defendant;
12   c. 29 copies of the complaint; and
13   d. 28 copies of the court's initial scheduling conference order issued
14   herewith;

15   4. Within 20 days of the date of this order, Plaintiff shall file a notice
16   indicating that the documents described above have been submitted to the United States Marshal,
17   or a notice that Plaintiff intends to serve the summons and complaint without assistance from the
18   United States Marshal;

19   5. If Plaintiff seeks the assistance of the United States Marshal, the United
20   States Marshal is directed to serve all process without pre-payment of costs not later than 60 days
21   from the date of this order, such service of process to be completed by serving a copy of the
22   summons, complaint, and initial scheduling conference order on the Defendants at the addresses
23   provided by Plaintiff; and

24   6. The Clerk of the Court is directed to serve a copy of this order on the
25   United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

26   Dated: March 27, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE