IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>v.<br><br>PARTICIA SLOTE, et al.,<br><br>Defendants. | No. 2:16-CV-0956-DC-DMC<br><br><br><br>SCHEDULING ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. This court conducted a scheduling conference on November 5, 2025, before the undersigned. Plaintiff failed to appear. Attorney Michael Maloney, Esq., appeared on behalf of all answering Defendants. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court issues this scheduling order.

I.  PROCEDURAL HISTORY

In an effort to clarify the status of service of the named defendants and their representation, the Court provides the following procedural history. This action currently proceeds on the second amended complaint. See ECF Nos. 18, 22, and 27. The following are named as defendants: (1) Patricia Slote; (2) Melissa Peterson (formerly Tulledo)[1]; (3) Roger Puckett; (4) Julie Bowles; (5) Clint Dingman; (6) Ernest Goff; (7) Steven Crittenden; (8) Peter

---

[1]   The Clerk of the Court will be directed to update the docket to reflect that Defendant Melissa Peterson is formerly known as Melissa Tulledo.

1

Kampa; (9) Hornbrook Community Services District (HCSD); and (10) Hornbrook Community Bible Church (HCBC). See id. Summons was issued for all named defendants on March 27, 2025. See ECF No. 24. Service of process has been returned executed as to the following: (1) Slote; (2) Peterson (formerly Tulledo); (3) Puckett; (4) Bowles; (5) Goff; (6) Crittenden; (7) HCSD; and (8) HCBC. See ECF Nos. 28 and 33. Service of process has been returned unexecuted as to Dingman and Kampa. See ECF Nos. 32 and 34. Duplicative answers to the second amended complaint have been filed by all named defendants except Crittenden and HCBC, notwithstanding the lack of service of process on Dingman and Kampa.[2] See ECF Nos. 29 and 30. Finally, the Court notes that, while the answers indicate that they are filed on behalf of Michele Hanson, no such individual is named as a defendant in this action.

II.   JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992). The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609. Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

---

[2]   The Clerk of the Court will be directed to strike the duplicative answer at ECF No. 30. The Clerk of the Court will be further directed to update the docket to reflect counsel Michael Maloney's appearance on behalf of all answering defendants.
    Defendants should be aware that, absent an appropriate motion made in a timely manner, the filing of an answer on behalf of defendants who have not been properly served may result in a waiver of any challenge to the Court's jurisdiction over such parties.
    Defense counsel should also be aware that the Court's docket does not reflect an appearance by any attorney on behalf of the answering defendants other than attorney Michael Maloney. Specifically, Keaton Mendoza, Esq., who appeared at the scheduling conference on behalf of Defendants in this case, is not listed on the Court's docket as counsel of record. To the extent other counsel also represent the answering defendants, such counsel should file an appropriate notice of appearance and/or substitution.

III. DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case are referred to the assigned magistrate judge, who will hear all discovery disputes subject to his or her procedures. (The assigned magistrate judge's initials follow the district judge's initials next to the case number.) All discovery related filings must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not direct delivery of courtesy copies of these documents to the district judge. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

All motions to compel discovery must be noticed on the assigned magistrate judge's calendar in accordance with the local rules of this court and the magistrate judge's own procedures. The written ruling of the assigned magistrate judge shall be final, subject to modification by the district court only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." *See* L.R. 303(c). The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling. L.R. 303(b). The request must specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that contention with supporting points and authorities. L.R. 303(c).

In addition, the assigned magistrate judge reviews proposed discovery phase protective orders sought by the parties pursuant to Local Rule 141.1. However, any requests to seal or redact in connection with trial or motions to be resolved by Judge Coggins must be directed to Judge Coggins and comply with her Standing Order and Local Rules 140 and 141.

IV. DISCOVERY DEADLINES

    **A.**    **Rule 26(a) Initial Disclosures**

The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) no later than November 21, 2025. Fed. R. Civ. P. 26(a)(1)(C).

Any parties served or joined after the issuance of this scheduling order shall "make the initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

     **B.**    **Fact Discovery**

All fact discovery shall be completed[3] no later than **October 30, 2026.**

     **C.**    **Expert Discovery**

Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements may result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

The parties shall disclose initial experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **November 18, 2026**. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **December 4, 2026.**

All expert discovery shall be completed no later than **January 29, 2027.**

**V.**    <u>MOTIONS</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **March 2, 2027** and shall be noticed for hearing before Judge Coggins on a date not more than 60 days from the date the motion is filed and on a date that is listed on Judge Coggins's website as an available civil law and motion hearing date. Counsel are directed to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. <u>In addition to complying with the requirements of</u>

---

[3] As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties. The moving party is responsible for filing the joint statement concurrently with the motion. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or provide a statement of good cause for the failure to do so.

The parties shall refer to Judge Coggins's Standing Order for her procedures with regard to the filing of cross-motions for summary judgment and related briefing.

VI.   SETTLEMENT CONFERENCE

The undersigned requires parties to participate in a court-supervised settlement conference with a settlement judge before the action may proceed to trial. A settlement conference has not been set at this time. At any time before the final pretrial conference, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference. If the parties have not participated in a court-supervised settlement conference by the time of the final pretrial conference, the court will refer the action at that time to the assigned magistrate judge for the setting of a settlement conference. The parties shall contact the designated settlement conference judge's chambers to ascertain that judge's settlement conference procedures, including the procedure for submitting confidential settlement statements, which shall not be filed and will not otherwise be disclosed to the trial judge.

Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference. Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the court, in addition to counsel who will try the case being present, the individual parties shall also be present, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with unrestricted authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer shall also be present. If for any reason the representative with unlimited authority cannot attend,

1  such a person must be available by phone or video throughout the conference. In other words,
2  having settlement authority "up to a certain amount" is not acceptable.
3  VII.    FINAL PRETRIAL CONFERENCE
4        The court will not set a final pretrial conference date in this scheduling order. Instead,
5  upon resolution of any motions filed by the deadline set forth in Section V of this order, or upon
6  the expiration of that deadline if no such motions were filed, the court will set a date for a final
7  pretrial conference, which will be conducted in person in Courtroom 8. The court will not
8  entertain requests to conduct the final pretrial conference by Zoom.
9        The parties are directed to file a joint pretrial statement, carefully prepared and executed
10 by all counsel, that complies with the requirements of this Local Rule 281 and Judge Coggins's
11 Standing Order. Counsel shall also email a copy of the joint pretrial statement in Word format to
12 Judge Coggins's chambers at dcorders@caed.uscourts.gov. The parties' attention is directed to
13 Local Rules 281 and 282. This court will insist upon strict compliance with these rules.
14       At the final pretrial conference, the court will set a trial date and deadlines to file trial
15 documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions, and
16 verdict forms (where applicable). In addition, at the final pretrial conference, the parties shall
17 have a joint list of proposed trial dates that are within 60 to 120 days from the date of the final
18 pretrial conference, and the parties shall be prepared to confirm a trial date.
19 VIII.   REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR
20        OTHER TECHNIQUES TO SHORTEN TRIAL
21       The parties have not made any such requests at this time and do not anticipate any such
22 requests.
23 IX.     RELATED MATTERS PENDING
24       On April 7, 2023, this case was related to case nos. 2:15-cv-00646-DC-DMC and 2:19-cv-
25 02127-DC-DMC. See ECF No. 19.
26 / / /
27 / / /
28 / / /

X. <u>OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER</u>

**This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of court upon showing of good cause. The assigned magistrate judge is authorized to modify the discovery dates set forth in Section IV of this order, but only to the extent that any such modification does not impact the motions filing deadline set forth in Section V of this order. A stipulation or request by the parties to modify only the discovery deadlines shall therefore be directed to the assigned magistrate judge.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Any request or stipulation to modify this scheduling order must set forth:

(1) the existing due date or hearing date as well as the discovery cutoff date, and the last date for filing motions;

(2) whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

(3) specific, concrete reasons supporting good cause for granting of the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

///
///
///
///
///
///

XI.   ADDITIONAL MATTERS

In addition to the schedule set herein, the undersigned HEREBY ORDERS as follows:

1. The Clerk of the Court is directed to update the docket to reflect that Defendant Melissa Peterson is formerly known as Melissa Tulledo.

2. The Clerk of the Court is directed to strike the filing at ECF No. 30 as duplicative of the filing at ECF No. 29.

3. The Clerk of the Court is directed to update the docket to reflect attorney Michael Maloney's appearance on behalf of Defendants Slote, Peterson (Tulledo), Puckett, Bowles, Dingman, Goff, and Kampa.

Dated:  November 6, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE